# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **FRANK HENDERSON BROWN** | § | |
| | § | |
| **V.** | § | **A-18-CV-1054-LY** |
| | § | |
| **LORIE DAVIS** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss (Document 7); and Petitioner's reply (Document 9). Petitioner, proceeding pro se, has paid the filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas. Petitioner was charged by indictment with unlawful possession of a firearm by a felon before the fifth anniversary of release,

enhanced by two prior convictions for burglary of a habitation. He pleaded not guilty to the primary offense but true to the enhancements. On February 4, 2015, a jury found him guilty and the court assessed punishment at 25 years' imprisonment.

The Third Court of Appeals affirmed Petitioner's conviction. Brown v. State, No. 03-15-00154-CR, 2016 WL 3144338 (Tex. App. – Austin 2016, pet. ref'd.). The Court of Criminal Appeals refused his petition for discretionary review on November 2, 2016. Brown v. State, PDR No. 693-16. On or about January 23, 2017, Petitioner submitted to the United States Supreme Court a petition for writ of certiorari. The Supreme Court provided notice to Petitioner that his petition did not comply with the Court's rules. The Court directed Petitioner to correct the petition and resubmit it for filing. The Court warned, unless Petitioner resubmitted the petition in corrected form, the petition would not be filed. There is no record that Petitioner submitted a corrected petition.

Petitioner also challenged his conviction in a state application for habeas corpus relief filed on May 21, 2018. The Texas Court of Criminal Appeals denied it without written order on November 21, 2018. Ex parte Brown, Appl. No. 88,733-01.

## II.  DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on January 31, 2017, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Although Petitioner attempted to file a deficient petition with the Supreme Court, there is no record of Petitioner correcting his petition and resubmitting it. Accordingly, his petition was never filed, and Petitioner had until January 31, 2018, to timely file his federal application.

Petitioner did not execute his federal application for habeas corpus relief until December 12, 2018, after the limitations period had expired. Petitioner's state application for habeas corpus relief did not operate to toll the limitations period, because it was filed after the limitations period had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's

constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

5

district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

    **SIGNED** on April 17, 2019.

```
                                     _____
                                     MARK LANE
                                     UNITED STATES MAGISTRATE JUDGE
```